# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Barbara P. Stanley and Bobby R. Stanley, | ) ) ) Civil Action No. 3:19-cv-02264-JMC |
| Plaintiffs, | ) ) ) |
| v. | ) **ORDER AND OPINION** ) |
| Auto-Owners Insurance Company, d/b/a Homeowners Insurance Company, Owners Insurance Company, & Property Owners Insurance Company, | ) ) ) ) ) ) |
| Defendants. | ) ) |

The matter comes before the court on Plaintiffs Barbara P. Stanley and Bobby R. Stanley's (the "Stanleys") Motion to Remand (ECF No. 9). For the reasons set forth below, the court **GRANTS** the Stanleys' Motion to Remand (ECF No. 9).

## I. BACKGROUND

On July 3, 2019, the Stanleys filed a civil action against Defendants in the Circuit Court of Richland County, South Carolina, as Case No. 2019-CP-40-03659. (ECF No. 1-2 at 2.) Defendants were thereafter served on or about July 12, 2019, through the Department of Insurance. Defendants timely removed the case to this court on August 12, 2019. (ECF No. 1.) For jurisdictional purposes, the Stanleys alleged that they are citizens of the State of South Carolina; and Defendants are corporations organized under the laws of a state other than the State of South

1

Carolina.[1] At the time of removal, the face of the Complaint did not specify the amount of damages sought, but prayed for an award of actual and punitive damages, costs and attorney's fees. (ECF No. 1-2 at 7.)

On August 26, 2019, the Stanleys timely filed their Motion to Remand the case to state court along with a unilateral stipulation of damages. (ECF No. 7; ECF No. 9.) In the stipulation, the Stanleys state that they "irrevocably stipulate that the amount in controversy in this case does not exceed $75,000.00." The Stanleys further stipulate that they will "at no time move to amend their Complaint to seek an amount in excess of $75,000.00." The Stanleys further agree they will "not attempt to collect on any judgment rendered in excess of $75,000.00 in the event a verdict is rendered exceeding this amount." (ECF No. 7.) On August 30, 2019, Defendants filed a response to the Motion to Remand (ECF No. 12.)

## II. STANDARD

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahy v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id*. "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahy*, 29 F. 3d at 151 (citations omitted), 

Pohto v. Allstate Ins. Co., No.

---

[1] The Stanleys did not specify a state of incorporation for Defendants in the Complaint. (*See* ECF No. 1–2 at 2 ¶ 3.) In the Answer, Defendants admit that they are incorporated in the State of Ohio with a principal place of business in Michigan. (ECF No. 2 at 1 ¶ 3.)

10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

### III. DISCUSSION

A. *The Parties' Arguments*

The Stanleys' Complaint brings a cause of action for breach of contract and bad faith for failure to pay an insurance claim. It also alleges reckless, wanton, and willful disregard for the Stanleys' rights. (ECF No. 1-2 at 7, ¶ 25.) For these claims, the Stanleys request actual and punitive damages, but do not specify an amount. (*Id.* at ¶ 26.) The Stanleys request that the court remand the case to the Circuit Court of Richland County because the amount in controversy does not exceed $75,000.00. The Stanleys base this argument on their unilateral post-removal stipulation, which stipulates that (1) the total amount in controversy of their claims is no more than $75,000.00, (2) they will *not move to amend their Complaint to seek an amount in excess of $75,000,* and (3) they *will not attempt to collect* on any excess of $75,000.00 in the event that a jury should return a verdict exceeding this sum. (ECF No. 7.) (emphasis added). Defendants argue that the Stanleys' stipulation only seeks to limit the amount received post-verdict, and not the amount sought during the trial. (ECF No. 12 at 3.) Defendants also argue that the stipulation is defective because it is ambiguous "at best" and is not binding because the amount in controversy was "satisfied at the time of removal." (ECF No. 12 at 7.) Therefore, the sole issue before the court is whether the Stanleys' post-removal stipulation that the amount in controversy does not meet the jurisdictional limit ousts this court of federal diversity jurisdiction.

B. *The Court's Review*

Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *Brown v. VSC Fire & Sec., Inc.*, 2016 WL 1600126, at *2 (D.S.C. Apr. 20, 2016). "The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy." *Clifton v. Allen*, No. 9:17-CV-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (quoting *Carter v. Bridgestone Americas, Inc.,* 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (citing *Rota v. Consolidation Coal Co.*, 1999 WL 183873, at *1 n. 4 (4th Cir. Apr. 5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount in controversy). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Id*. (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008)).

The Fourth Circuit, however, has adopted a general rule regarding the effect of post-removal stipulations on the propriety of removal where the amount in controversy is plainly stated in the complaint. In situations where the amount in controversy is plainly and unambiguously stated in the complaint, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax, Inc.*, 624 F. 3d at 638 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292 (1938)). In other words, under *St. Paul Mercury*, a plaintiff may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated. *See Porsche Cars N. Am., Inc. v. Porsche.net,* 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court

determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citation and internal quotations marks omitted)); *Griffin v. Holmes,* 843 F. Supp. 81, 87 (E.D.N.C.1993) ("[T]he plaintiff ... may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a)."); *see also In re Shell Oil Co.*, 970 F. 2d 355, 356 (7th Cir. 1992) (recognizing that post-removal stipulations reducing the amount in controversy do not deprive a district court of jurisdiction).

However, the Fourth Circuit has not opined on the effect of a post-removal stipulation, as is the case here, where the initial complaint does not specify an amount. Regardless, there is guidance from the U.S. Court of Appeals for the Fifth Circuit and a myriad of federal district courts within the Fourth, Fifth, and Sixth Circuits on this very issue. Indeed, "various jurisdictions have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a *clarification of an ambiguous complaint*, rather than a post-removal amendment of the plaintiff's complaint." *Carter* 2013 WL 3946233, at *1–2; *see also Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (asserting that post-removal affidavits and stipulations may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *see also Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C. 1997) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). This

use of clarification is permitted, rather than forbidden, under *St. Paul Mercury*. *See Walker v. Poland*, 2009 WL 5195762, at *1–2 (D.S.C. Dec. 22, 2009); *see also Tommie v. Orkin, Inc.*, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009).

Upon review, the court notes that the Stanleys did not specify an amount of damages in their Complaint. (*See* ECF No. 1–1 at 7.) Therefore, the court interprets the Stanleys' stipulation as to damages as a clarification of the amount of damages they are seeking. *See, e.g., Cox v. Willhite Seed, Inc.*, No. 1:13-CV-02893-JMC, 2014 WL 6816990, at *2 (D.S.C. Dec. 4, 2014); *see also Carter v. Bridgestone Americas, Inc.,* C/A No. 2:13–CV–00287–PMD, 2013 WL 3946233, at *3 (D.S.C. July 31, 2013) ("Defendant concedes that 'Plaintiff does not specify an amount of damages in her Complaint'…the Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying that the total amount of damages sought by her Complaint is not more than $60,000.000."); *Tommie v. Orkin, Inc.,* C/A No. 8:09–1225–HMH, 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) ("The complaint requests an unspecified amount of damages. The court interprets Tommie's statement in the motion as to the amount in controversy as a stipulation that she cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs."); *Ferguson v. Wal–Mart Stores, Inc.,* No. 94–2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); *Gwyn v. Wal–Mart Stores, Inc.,* 955 F. Supp. 44, 46 (M.D.N.C.1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, ... the court may

consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount.) (Internal citation and quotation marks omitted).

Here, Defendants, relying solely on *St. Paul Mercury*, argue that the Stanleys' post-removal stipulation does not defeat diversity. However, Defendants' argument is misplaced because *St. Paul Mercury* is not controlling in this case.[2] The court here, like other district courts facing this issue, makes it clear that, while the stipulation can enable the Stanleys to demonstrate that they seek relief in an amount below $75,000.00, they are bound to that limited recovery upon their return to state court. An accurate iteration of the binding effect of a plaintiff's post-removal stipulation was expressed in *Fenger v. Idexx Labs., Inc.* There, Judge Forrester issued the following warning to the plaintiff:

> Since this Court has adopted the position urged by the plaintiff (i.e., that her damages are limited to [the jurisdictional limit]) in granting the present motion, the plaintiff would be prevented from later taking an inconsistent position (i.e., that her damages are greater than [the jurisdictional limit]).

194 F. Supp. 2d 601, 605 (E.D. Ky. 2002).

Thus, "post-removal stipulations made by plaintiffs in their motion to remand to clarify the amount in controversy for the first time, operate to bind those plaintiffs upon their return to state court." *Hoop v. Wal-Mart Stores E., L.P.,* No. CIV. 13-115-GFVT, 2014 WL 1338704, at *4–5 (E.D. Ky. Mar. 31, 2014). Further, where plaintiffs include a formal stipulation limiting the amount in controversy in their motion to remand, the stipulation must be an "unequivocal statement limiting damages." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D.Ky.2013). Here, the

---

[2] *St. Paul Mercury* held that a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a) does not defeat diversity. 303 U.S. 283, 292 (1938). While this is the general rule, *St. Paul Mercury* does not reach the question of whether a post-removal stipulation that clarifies, rather than reduces, an unspecified amount in controversy defeats diversity.

Stanleys, through counsel, "irrevocably stipulate that the amount in controversy in this matter does not exceed $75,000.00." Further, it is stipulated that the Stanleys "will not amend their Complaint to seek an amount in excess of $75,000.00" and should the state court award the Stanleys' damages in excess of $75,000.00, they will "not attempt to collect on any judgment in excess of $75,000.00." Thus, the Stanleys have expressly stipulated that they will not accept any judgment of more than $75,000.00. *See Sizemore v. State Farm Fire & Cas. Co.,* No. CIV.A. 7:09-10-KKC, 2009 WL 1361737, at *2 (E.D. Ky. May 14, 2009) (remanding case to state court where plaintiff's stipulation use the words "will not seek to collect in excess of this amount if said damages are awarded" and court interpreted "will not seek to collect" as plaintiff's stipulation not to accept an award over $75,000.) This court determines that the Stanleys' stipulation binds them to collect no more than $75,000.00 in actual and punitive damages, exclusive of interests and costs. *Tommie,* 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) ("The complaint requests an unspecified amount of damages. The court interprets Tommie's statement in the motion as to the amount in controversy as a stipulation that she cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs."). Indeed, the United States Supreme Court determined that factual stipulations are "binding and conclusive ... and the facts stated are not subject to subsequent variation." *Christian Legal Soc 'y Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez,* 130 S. Ct. 2971, 2983, 177 L. Ed. 2d 838 (2010) (quoting 83 C.J.S., *Stipulations* § 93 (2000)). Thus, a stipulation is an "express waiver made ... by the party or his attorney conceding for purposes of the trial the truth of some alleged fact." *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013) (quoting 9 J. Wigmore on Evidence § 2588, 821 (J. Chadbourn rev.1981)). *Id.* A plain reading of the stipulation leaves the Stanleys no room to escape the bounds of its restrictions.

Similar to the *Spence* court, this court is aware of the concern that "a dishonest party may simply use the stipulation mechanism as a ploy to retain a more favorable state court jurisdiction over the claim for whatever reason", but this court makes clear that the Stanleys will be constrained to recovering an amount that is not to exceed $75,000.00 in actual and punitive damages, exclusive of interests and costs. And, as in *Spence,* this court determines that "if a jury were to award Plaintiff that amount, or some award close to that amount, Plaintiff cannot seek an amount that will inure to Plaintiff's benefit an award greater than $75,000.00." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013); *see also Clifton v. Allen*, No. 9:17-CV-02920-DCN, 2018 WL 3095026, at *2 (D.S.C. June 22, 2018) (court remanding case where plaintiff requested punitive damages because "Clifton stipulates that the controversy does not exceed $75,000.00 and he will not accept anything beyond this amount.").

As other courts have determined, a plaintiff's decision to clarify and limit their recovery when the amount is not specified is permissible. *Hoop*, 2014 WL 1338704, at *8 (E.D. Ky. Mar. 31, 2014) ("It is clear that Hoop intentionally decided that he would rather limit his recovery and litigate this case in state court, than have the opportunity to recover his full damages, but risk removal to federal court. There is nothing improper about this decision, as it is one that has been expressly sanctioned by the United States Supreme Court for over a hundred years.").

Accordingly, the court accepts the Stanleys' Stipulation as to Damages that the total amount of damages they are seeking is no more than $75,000.00 in actual and punitive damages, exclusive of interests and costs. The court, therefore, remands the matter to state court because the jurisdictional threshold for diversity jurisdiction does not exist in this case.

## IV. CONCLUSION

The Complaint requests an unspecified amount of damages. The court interprets the Stanleys' Irrevocable Stipulation as to the amount in controversy as a stipulation that they are hereby prohibited from recovering a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court. The court hereby **GRANTS** the Motion to Remand of Plaintiffs Barbara P. Stanley and Bobby R. Stanley (ECF No. 9) and **REMANDS** this action to the Circuit Court of Richland County. The court directs the clerk to send a certified copy of this Order to the Circuit Court of Richland County.

*J. Michelle Childs*

United States District Judge

Columbia, South Carolina
October 21, 2019